# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **BRAD HILL,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v.     } | Case No.:  CV 03-P-0745-NW |
| } | |
| **RONNIE MAY, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

**I.    Background**

Pending before the court is Defendant George Luckey, M.D.'s Motion for Summary Judgment (Doc. #37) filed on October 6, 2004. On November 3, 2004, Plaintiff opposed Defendant Luckey's Motion for Summary Judgment by moving to adopt his prior opposition to Defendant George Luckey, M.D.'s motion to dismiss, which the court permitted. (Docs. #40, #41).

The court heard this case at its June 29, 2004 motion docket. At that time, the court noted that the record before it was not adequately developed with respect to Defendant Luckey's statute of limitations defense. Therefore, the parties were ordered to engage in limited discovery on Defendant Luckey's statute of limitations defense and to thereafter provide the court with summary judgment filings in compliance with Exhibit A.

Defendant Luckey maintains that the running of the statute of limitations bars any claims against him. The first question the court must answer is whether a claim against Defendant Luckey existed at the time of the original pleading such that the relation back doctrine could apply under Rule 15(c) with respect to the amended pleading served on Defendant Luckey. If the answer to that question is in the affirmative, the second question for the court is whether Plaintiff's amended

complaint arises out of the same transaction as the original pleading such that the relation back doctrine applies, thereby making the claims asserted in the amended complaint against Dr. Luckey timely. Because the court concludes that Plaintiff's original pleading sufficiently stated a claim against Defendant Luckey and because Plaintiff's amended complaint, which includes a claim for medical malpractice against Dr. Luckey, arises out of the same transaction as the claim in the original complaint, the amended complaint relates back to the original lawsuit. Accordingly, Defendant Luckey's statute of limitations defense does not apply, and his motion for summary judgment is due to be denied.

**II.     Statement of Facts**

Plaintiff is the administrator of the estate of his father, Billy Michael Hill. On April 10, 2001, Mr. Hill was arrested by the Colbert County Sheriff's Department and placed in the Colbert County jail. (Doc. #1 ¶ 16). Mr. Hill died on April 15, 2001, while still in the custody of Colbert County officials. (*Id.* ¶ 61). Defendant Luckey is a doctor who provided medical services for the Colbert County jail. (*Id.* ¶ 40). Defendant Luckey ended his business relationship with the Colbert County jail in December 2001. (Doc. #39 at Luckey Aff. ¶ 2).

On April 3, 2003, Plaintiff filed his original complaint alleging civil rights violations against a number of defendants within the applicable statute of limitations deadline. (Doc. #1). While Plaintiff named Defendant Luckey in the original complaint and referenced him specifically (or at least his alleged lack of conduct as the jail doctor) in that pleading (*see, e.g.*, Doc. #1 at 1; *id.* ¶¶ 11, 40-41, 58, 60-63, 68), Plaintiff never properly served Defendant Luckey with the original complaint.

On December 10, 2003, the court entered an order requiring Plaintiff to show cause by December 19, 2003, why the action against Defendant Luckey should not be dismissed for Plaintiff's

failure to perfect service on him. (Doc. #7). Plaintiff moved to extend this deadline, which the court granted. (Docs. #8, #9). On January 8, 2004, Plaintiff responded to the show cause order. (Doc. #12).

On February 23, 2004, the court entered an order, which set March 24, 2004, as the deadline for Plaintiff to perfect service on Defendant Luckey. Plaintiff filed his amended complaint on March 15, 2004. (Doc. #18). Plaintiff perfected service on Defendant Luckey on March 18, 2004.[1] (Return on Service of Writ Executed and Filed on March 18, 2004).

### III.  Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

---

[1] The court notes that Defendant Luckey's recollection of when he was served and the date filled in on the return on service of writ executed by the process server differ by one day. Because the return on service of writ also has a filed stamped date of March 18, 2004, this persuades the court that Defendant Luckey must be the person mistaken about the day on which he was served. However, even if Defendant Luckey were served on March 19, 2004, service occurred before March 24, 2004, and therefore that would not make a difference *vis a vis* the court's ruling today.

3

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

**IV.    Analysis**

The court has carefully reviewed Plaintiff's pleadings as well as the parties' filings on summary judgment. While the court recognizes several glaring deficiencies in Plaintiff's counsel's prosecution of this litigation including inartfully pleading the case and dilatorily perfecting service on Dr. Luckey, the court, nevertheless, is persuaded that Plaintiff's original complaint adequately states a constitutional claim against Dr. Luckey pursuant to § 1983 for deliberate indifference to and/or a conscious disregard of Mr. Hill's medical needs.

At the motion docket, the court opined and Defendant Luckey agreed that an appropriate way for it to analyze the issue of notice pleading under Rule 8 of the Rules of Federal Civil Procedure

is to evaluate whether Plaintiff's original complaint would have appropriately been subject to a motion to dismiss for failure to state a claim by Dr. Luckey. Under Rule 12(b)(6), the court "must accept the allegations set forth in the complaint as true for purposes of a motion to dismiss." *See United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir.1999) (en banc). Therefore, taking the allegations set forth in the original complaint in a light most favorable to Plaintiff, which the court is obligated to do, the court concludes that it would not have granted a Rule 12(b)(6) motion in favor of Dr. Luckey. Accordingly, the court is persuaded that Plaintiff has minimally satisfied the requirements of notice pleading under Rule 8.

Moreover, the court's conclusion is consistent with its prior ruling on the motion to dismiss filed by the other defendants on May 6, 2003 (Doc. #2), in which the court declined to dismiss the case, but instead ordered Plaintiff to provide a more definite statement of his claims. (Doc. #16). If the court had instead granted the motion to dismiss and dismissed the entire case without prejudice, then summary judgment in favor of Defendant Luckey very well might be appropriate now.

Having determined that a claim existed against Defendant Luckey at the time of the original filing, the next issue for the court to examine is whether the medical malpractice claim of Plaintiff's amended complaint arises "out of the same conduct, transaction, or occurrence set forth **or attempted to be set forth in**" the initial complaint such that the relation back doctrine applies. Fed. R. Civ. P. 15(c)(2) (emphasis added). While the court has already noted that Plaintiff's original complaint certainly had some notable pleading flaws, it is persuaded that the "occurrence" or "transaction" of Dr. Luckey's conduct and/or misconduct in providing medical services to Mr. Hill was at least "attempted to be set forth in" the initial complaint. Moreover, it is certainly logical and

foreseeable that a medical malpractice claim would arise out of the same transaction and/or occurrence that is the basis for Plaintiff's initial allegations of deliberate indifference pled against Dr. Luckey. As such, Plaintiff has satisfied the more liberal relation back requirements that apply to the assertion of new claims under Rule 15(c)(2). *See Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1131 (11th Cir. 2004) (recognizing that "[w]hen an amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations set forth in the pleading, the relation back rule is more stringent[.]"). Accordingly, the court concludes that the allegations in Plaintiff's amended complaint do relate back to those contained in his original complaint and, therefore, that Dr. Luckey's statute of limitations defense is inapplicable.

**V.     Conclusion**

For the reasons set forth above, the statute of limitations does not bar Plaintiff's claims against Defendant Luckey, and Defendant Luckey is not entitled to the entry of summary judgment in his favor. Accordingly, consistent with this Memorandum Opinion, the court will enter an order denying Defendant Luckey's Motion for Summary Judgment.

**DONE** and **ORDERED** this ___29th___ day of December, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE